STEPHEN T. COLIN, an Infant, by His Guardian ad Litem DAVID COLIN et al., Appellants, et al., Plaintiff, v. RUBIN I. CAMERON et al., Respondents.— On the record submitted on the motion for reconsideration, plaintiffs made a sufficient showing to warrant the granting of a preference. Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.

JOHN F. DONOHUE, Respondent, v. PROGRESS MARINE CORPORATION et al., Appellants.— There is no showing of a valid excuse or justification for the delay, and no affidavit of merits by the plaintiff. (*Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867.) Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.

REYNOLD MARTIN, Appellant, v. FRANDON TAXI CO., INC., et al., Respondents.— On the record plaintiff has made a sufficient showing to warrant the granting of the preference. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

LEROY ROSELIEVE, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Plaintiff is presently engaged in an examination before trial of various of the defendant's employees, presumably all who might have knowledge of the accident and who gave written statements to their employer. The documents sought would not be evidence (*Urbina* v. *McLain*, 4 A D 2d 589) and while we have liberalized somewhat the general rule (see *Beyer* v. *Keller*, 11 A D 2d 426), the latter case may be readily distinguished from the case before us. Here there is not that close relationship between the witness and the injured party, nor that disability on the part of the injured party which led us to permit discovery and inspection in the interests of justice in *Beyer* v. *Keller* (*supra*). At this stage of the litigation we are not persuaded that discovery and inspection is required in the interests of justice, or presently advisable. Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.

JOHN MANGI, Appellant, v. CITY OF NEW YORK et al., Respondents.— No opinion. Concur — Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.